UNITED STATES DISTRICT COURT
For the Northern District of Illinois
Eastern Division

| | |
|---|---|
| **DEUSTCHE BANK NATIONAL TRUST COMPANY as Trustee** ) ) ) **Plaintiff** ) ) v. ) ) **KRISTEN & HOWARD BODZIANOWSKI** ) ) ) **Defendant** ) | No. 1:11-cv-01950 Honorable Rebecca Pallmeyer Magistrate Judge Cox |

**DEFENDANT'S MOTION TO DISMISS FOR LACK OF STANDING**

Defendants Kristen Bodszianowski and Howard Bodzianowski by and through their attorneys Woerthwein & Miller move to dismiss the foreclosure complaint brought by Deutsche Bank National Trust Company as Trustee pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of standing as follows:

1. Defendants bring this Motion to Dismiss attacking standing. Plaintiff was not the assignee and owner of the Note and the Mortgage under 735 ILCS 5/15-1208 when it filed suit. It has long been the law in Illinois that a plaintiff in a mortgage foreclosure action must have a beneficial interest in the mortgage. Winkelman v. Kiser, 27 Ill. 20, 21, 27 Ill. 21 (1861). a complaint must be dismissed if the plaintiff cannot prove that it owned the note and mortgage on the date the complaint was filed. Deutsche Bank Nat'l Trust Co. v. Steele, 2008 U.S. Dist. LEXIS 4937 (S.D. Ohio Jan. 8, 2008). Standing is the threshold question in every federal case. Warth v. Seldin, 422 U.S. 490, 498, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975). Standing "is to be assessed under the facts existing when the complaint is filed." Lujan v. Defenders of Wildlife,

1

504 U.S. 555, 570 n. 4, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992). A party seeking to bring a case into federal court bears the burden of demonstrating standing and must plead its components with specificity. Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 472; 102 S. Ct. 752, 70 L. Ed. 2d 700 (1982). Plaintiff has the burden of establishing its standing. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342, 126 S. Ct. 1854, 164 L. Ed. 2d 589 (2006).

    2.    Defendants' Motion is based upon the documents attached to Plaintiff's Complaint, which form part of the Complaint, and public records. This is not a 12(b)(6) motion and thus not converted into a motion for summary judgement. English v. Cowell, 10 F.3d 434, 437 (7th Cir. Ill. 1993). Moreover, documents outside the Complaint are all admissible as public records filed with the Securities and Exchange Commission ("SEC"). Henson v. CSC Credit Services, 29 F.3d 280, 284 (7th Cir. 1994). See also F.R.E. 201 ("A court shall take judicial notice if requested by a party and supplied with the necessary information.") A district court may consider relevant documents required by the securities laws to be filed with the Securities and Exchange Commission ("SEC") in determining a motion to dismiss . . ." Kramer v. Time Warner, Inc., 937 F.2d 767, 769 (2d Cir. N.Y. 1991).

    3.    Plaintiff is not the original lender. Plaintiff seeks to establish standing by attaching to the Complaint a copy of a mortgage note bearing an undated, not notarized, endorsement to Plaintiff from the original lender and an assignment of mortgage from MERS to Plaintiff date January 20, 2011. These assignments and endorsements are insufficient to transfer a mortgage to a New York REMIC ("Real Estate Mortgage Investment Conduit") Trust like Plaintiff under the terms of the Trust.

4. In this matter Deutsche Bank is suing as Trustee for a specific Trust. Pursuant 735 ILCS 5/15-1504A of the foreclosure statute, the Plaintiff Trust pleads in paragraph 10(n) that the capacity under which it is suing is as the legal holder of the indebtedness and owner of the mortgage. A trust is an artificial entity and can only do those acts which it is permitted to do under the documents creating the trust and the law of the state that governs the trust. For instance, see 760 ILCS 5/3 regarding Illinois trusts, stating that the instrument governs. Moreover, since the objective was to create a trust to serve as a conduit for securitized mortgages passing income through to investors, the documents creating the trust were filed with the SEC as a Form 8-K pursuant to the Securities and Exchange Act of 1934. The document is available on Edgar[1]. These documents filed with the SEC should be telling the truth. However, as demonstrated in detail in the following paragraphs, under the terms of the instrument creating the Trust, the Plaintiff is not the legal holder of the Mortgage or the Note.

5. Section 2.01 of the Pooling and Servicing Agreement (PSA) creates the Plaintiff Trust as a New York common law trust. The relevant portions of the PSA are attached hereto as Exhibit A. New York trust law and the PSA govern the acquisition of mortgage loans by the Trust. This basic fact issue is one that the trustee has agreed should be decided by New York trust law. The trust's beneficiaries have every expectation when they purchase the trust's certificates that the trustee will promote a uniform interpretation of the trust's terms no matter where the forum. The Trust is created to exchange the Trust Fund for certificates  The assets

---

[1] EDGAR, the **Electronic Data-Gathering, Analysis, and Retrieval** system, performs automated collection, validation, indexing, acceptance, and forwarding of submissions by companies and others who are required by law to file forms with the U.S. Securities and Exchange Commission (the "SEC"). The database is freely available to the public via the Internet

described as being conveyed under Section 2.01 of the PSA are the Mortgage Loans and this Plaintiff pleads that it is the legal holder of the Mortgage and the Note.

6. As detailed below, the Trust does not own the Note and Mortgage because the transfer alleged in the Complaint could not have taken place according to the terms creating the Trust (the PSA) and New York trust law.

7. The Trust seeking to foreclose upon Defendants has included in the PSA, which is its trust agreement, the specific time, manner, and method of funding the Trust with the Mortgage Loans. In this case, the trust documents establish only one was to transfer assets to the Trust, which is set forth in Section 2.01 of the PSA. A trust can only act in accordance with tis governing documents.

8. Section 2.01 of the PSA provides the Depositor Novastar Mortgage Funding Corporation "does hereby transfer, assign, set over, and otherwise convey in trust to the Trustee...all right, title and interest of the Depositor" in and to each identified Mortgage Loan. Novastar Mortgage Funding Corporation must the endorse the notes over to the Trust or in black. However, the Note is not endorsed over to Novastar Mortgage Funding Corporation. There is no endorsement from Novastar Mortgage Funding Corporation to the Trust or blank. Instead there is an undated, not notarized endorsement directly from the original lender to the Trust stamped onto the last page (5) of the Note. There are no intervening endorsements to the Depositor. There are no provisions for direct deposit from the original lender to the trust. Accordingly, the endorsement presented by the Plaintiff does not comply with the terms required by the PSA to transfer the Note to the Trust. Therefore, there is no effective transfer of the Note to the Trust, and the Trust acquires no rights in the Note. <u>Sussman v. Sussman</u>, 61 A.D.2d 838 (N.Y. App.

Div. 2d Dep't 1978). Rather, the type of haste indicated here is that an endorsement was created in order to facilitate a foreclosure action rather than a proper endorsement to the Trust in accordance with the Trust's terms.

9. There is no document transferring the Note to the Trust in accordance with its terms. Under New York law, the trustee under a corporate indenture . . . has his [or her] rights and duties defined, not by the fiduciary relationship, but exclusively by the terms of the agreement. AG Capital Funding Partners, L.P. v. State St. Bank & Trust Co., 2008 N.Y. Slip Op. 5766, 7 (N.Y. 2008). This would also be the law in Illinois under 760 ILCS 5/3. A trustee has only the authority granted by the instrument under which he holds. Allison & Ver Valen Co. v. McNee, 170 Misc. 144, 146 (N.Y. Sup. Ct. 1939). New York Estates Powers and Trusts Law Section 7-2.1(c) authorizes a trustee to acquire property "in the name of the trust as such name is designated in the instrument creating said trust property." For the transfer of property to the trust to be effective, the transfer must be done under the terms of the instrument creating the trust and the transfer must designate the particular trust and the beneficiary. Without that, the assignment of the Mortgage Note is without merit. Wells Fargo Bank, N.A. v. Farmer, 2008 NY Slip Op 51133U, 6 (N.Y. Sup. Ct. 2008).

10. Under New York law, there are four essential elements for a trust of personal property: (1) A designated beneficiary; (2) a designated trustee, who must not be the beneficiary; (3) a fund or other property sufficiently designated or identified to enable title thereto to pass to the trustee; and (4) the actual delivery of the fund or other property, or of a legal assignment thereof to the trustee, with the intention of passing legal title thereto to him as trustee. Brown v. Spohr, 180 N.Y. 201, 209-210 (N.Y. 1904). There is no trust until there is a valid delivery of the

asset in question to the Trust. If the Trust fails to acquire the property, then there is no trust over that property which may be enforced. Kermani v. Liberty Mut. Ins. Co., 4 A.D.2d 603 (N.App.Div. 3d Dep't 1957).

11. In this transaction as described by the Complaint, the Note was not transferred according to the terms of the Trust. New York's Estates Powers and Trust Law Section 7-2.4 states:

> § 7-2.4 Act of trustee in contravention of trust. If the trust is expressed in the instrument creating the estate of the trustee, every sale, conveyance or other act of the trustee in contravention of the trust, except as authorized by this article and by any other provision of law, is void.

Thus The Trust never possessed the Mortgage Note per the terms of the PSA.

12. Additionally, the assignment of the mortgage attached to the Complaint appears to be an exercise in Robo-signing. The assignment from MERS to the Trust is dated January 20, 2011. An Assignment at that late date is not in compliance with the Trust's governing documents. The cut-off date for the Trust is September 1, 2006, and the closing date is September 28, 2006. Therefore, the Mortgage is not assigned to the Trustee until five years after the closing date of the Trust. This assignment is likely a document created out of air to facilitate a foreclosure, and there are no provisions in the PSA for the mortgage to be assigned in this manner.

13. According to the PSA, all mortgages were transferred to the Trust in 2006 and the mortgages were transferred to the Trust by the Depositer. If the subject mortgage was to be assigned to the Trust consistent with the PSA and the Trust's REMIC tax status, then all assignments were done in 2006. An assignment in 2011 would not be consistent with the requirements of the PSA or the Trust's tax status no matter who did the assignment.

14. An assignment to the Trust that is inconsistent with the dates for funding the Trust as set forth in the PSA would have adverse tax consequences for the Trust. This is a pass-thru REMIC trust. The Internal Revenue Codes provides in 26 U.S.C. 860G(d)(1) that except as provided in section 860G(d)(2), "if any amount is contributed to a REMIC after the startup day, there is hereby imposed a tax for the taxable year of the REMIC in which the contribution is received equal to 100 percent of the amount of such contribution." Pursuant to Section 10.02 of the PSA the Trust and the Servicer are prohibited from any act that would adversely effect the Trust's REMIC status.

15. With respect to the Note, the undated, not notarized endorsement from the original lender does not inform the Court that even this transfer took place within the time periods mandated by the PSA. See <u>In re Foreclosure Cases</u>, 2007 U.S. Dist. LEXIS 95673 (S.D. Ohio Dec. 27, 2007).

WHEREFORE, the Court should dismiss this action with prejudice on the ground that the plaintiff, Deutsche Bank National Trust Company as Trustee as aforesaid, lacks standing to sue.

                                      Respectfully submitted,

                                      By: <u>/s/Theodore A. Woerthwein</u>
                                            One of the Attorneys for the Defendants

Theodore Woerthwein
225 W Washington
22nd Floor
Chicago, IL 60606
(312) 654-0001

UNITED STATES DISTRICT COURT
For the Northern District of Illinois
Eastern Division

| | | |
|---|---|---|
| **DEUSTCHE BANK NATIONAL TRUST COMPANY as Trustee** | ) ) ) | |
| **Plaintiff** | ) ) | |
| v. | ) ) | No. 1:11-cv-01950 |
| **KRISTEN & HOWARD BODZIANOWSKI** | ) ) ) | Honorable Rebecca Pallmeyer |
| Defendant | ) ) | Magistrate Judge Cox |

NOTICE OF FILING

TO:   Counsel on the attached Certificate of Service

    PLEASE TAKE NOTICE that on this 12th day of August, 2011, the undersigned counsel filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, Defendants Kristen Bodszianowski and Howard Bodzianowski Motion to Dismiss, a copy of which is hereby served upon you.


Dated: August 12, 2011                    Respectfully submitted,

                                                                 By: /s/Theodore A. Woerthwein
                                                                     One of the Attorneys for the Defendants

Theodore A. Woerthwein
Woerthwein & Miller
225 West Washington Street
  Suite 2200
Chicago, Illinois  60606
(312) 654-0001

**CERTIFICATE OF SERVICE**

      I, Theodore A. Woerthwein, an attorney, certify that on August 12, 2011, I caused a copy of the foregoing Defendants Kristen Bodszianowski and Howard Bodzianowski Motion to Dismiss to be served upon the persons listed below by the specified method.

<u>By electronic transmission using the Court's electronic case filing system</u>:
James Nick Pappas    pappas@bcclegal.com

      /s/Theodore A. Woerthwein