**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

Deutsche Bank National Trust Company as Trustee NovaStar Mortgage Funding Trust, Series 2006-5 NovaStar Home Equity Loan Asset-Backed Certificates, Series 2006-5
PLAINTIFF

CASE NUMBER: 1:11-cv-1950

VS.

DISTRICT JUDGE: Rebecca R. Pallmeyer

Kristen M. Bodzianowski, Howard J. Bodzianowski,
DEFENDANT(S).

MAGISTRATE JUDGE: Susan E. Cox

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF STANDING**

Now Comes, Plaintiff, Deutsche Bank National Trust Company, as Trustee Novastar Mortgage Funding Trust, Series 2006-5 NovaStar Home Equity Loan Asset Backed Certificates, Series 2006-5, (hereinafter referred to as "Deutsche Bank")and through its attorneys Burke, Costanza & Carberry, LLP, and responds to the Defendants' Kristen and Howard Bodzianowski (hereinafter referred to as "The Bodzianowskis") Motion to Dismiss for Lack of Standing. In support thereof, Deutsche Bank states as follows:

## I. The Assignment is Valid

Defendants assert that the assignment of the mortgage and the endorsement of the note are insufficient and therefore, Plaintiff is not the holder of the note and mortgage. (See Defendants' Motion to Dismiss ¶ 3, incorporated by reference). The Defendants insist that the PSA governs the transfer of the note. § 2.01 of the PSA states:

CONVEYANCE OF MORTGAGE LOANS;

ORIGINAL ISSUANCE OF CERTIFICATES

Section 2.01 Establishment of the Issuing Entity; Conveyance of Mortgage Loans and Other Trust Assets.

The parties do hereby create and establish a common law trust, pursuant to the laws of the State of New York and this Agreement, the Issuing Entity, which, for convenience, shall be known as "NovaStar Mortgage Funding Trust, Series 2006-5."

The Depositor, concurrently with the execution and delivery hereof, does hereby transfer, assign, set over and otherwise convey in trust to the Trustee without recourse for the benefit of the Certificate holders all the right, title and interest of the Depositor, including any security interest therein for the benefit of the Depositor, in and to (i) each Mortgage Loan identified on the Mortgage Loan Schedule, including the related Cut-off Date Principal Balance, all interest accruing thereon on and after the Cut-off Date and all collections in respect of interest and principal due after the Cut-off Date; (ii) property which secured each such Mortgage Loan and which has been acquired by foreclosure or deed in lieu of foreclosure; (iii) its interest in any insurance policies in respect of the Mortgage Loans; (iv) its interest in the MI Policies; (v) the rights of the Depositor under the Purchase Agreement; (vi) its interest in the Hedge Agreements;

(vii) all other assets included or to be included in the Trust Fund; and (viii) all proceeds of any of the foregoing. Such assignment includes all interest and principal due to the Depositor or the Servicer after the related Cut-off Date with respect to the Mortgage Loans.

In connection with such transfer and assignment, the Sponsor, on behalf of the Depositor, does hereby deliver to, and deposit with the Custodian, as the designated agent holding on behalf of the Trustee, the following documents or instruments with respect to each Initial Mortgage Loan so transferred and assigned and the Sponsor, on behalf of the Depositor, shall, in accordance with Section 2.08, deliver or cause to be delivered to the Custodian, as the Trustee's designated agent, with respect to each Subsequent Mortgage Loan, the following documents or instruments (with respect to each Mortgage Loan, a "Mortgage File"):

***(i) the original Mortgage Note endorsed to "Deutsche Bank National Trust Company, as Trustee for the NovaStar Home Equity Loan Asset-Backed Certificates, Series 2006-5" or in blank; (emphasis added)***

(ii) the original Mortgage with evidence of recording thereon, or, if the original Mortgage has not yet been returned from the public recording office, a copy of the original Mortgage certified by the Sponsor or the public recording office in which such original Mortgage has been recorded, and if the Mortgage Loan is registered on the MERS System, such Mortgage shall include thereon a statement that it is a MOM Loan and shall include the MIN for such Mortgage Loan;

(iii) unless the Mortgage Loan is registered on the MERS System, an original assignment (which may be included in one or more blanket assignments if permitted by applicable law) of the Mortgage endorsed to "Deutsche Bank National Trust Company, as Trustee for the NovaStar Home Equity Loan Asset-Backed Certificates, Series 2006-5", and otherwise in recordable form;

(iv) originals of any intervening assignments of the Mortgage showing an unbroken chain of title from the originator thereof to the Person assigning it to the Trustee (or to MERS, if the Mortgage Loan is registered on the MERS System), and noting the presence of a MIN (if the Mortgage Loan is registered on the MERS System), with evidence of recording thereon, or, if the original of any such intervening assignment has not yet been returned from the public recording office, a copy of such original intervening assignment certified by the Sponsor or the public recording office in which such original intervening assignment has been recorded;

(v) the original policy of title insurance (or a commitment for title insurance, if the policy is being held by the title insurance company pending recordation of the Mortgage); and

(vi) a true and correct copy of each assumption, modification, consolidation or substitution agreement, if any, relating to the Mortgage Loan.

The Note that was attached the Plaintiff's Complaint has the endorsement: "Deutsche Bank National Trust Company as Trustee for the NovaStar Home Equity Loan Asset Backed Certificates, Series 2006-5". This endorsement is executed in exactly the manner which is required in § 2.01(vii)(i) above.

"Under Illinois law, the well-established rule is that no particular words are required to create a valid assignment so long as the intent to transfer is evident. The assignment operates to transfer to the assignee all of the assignor's right, title or interest in the thing assigned." Community Bank of Greater Peoria v. Carter, 283 Ill. App. 3d 505, 508 (1st Dist. 1996). There is no rule or regulation that requires that the endorsement of the Note be notarized. Therefore, the assignment of the mortgage and endorsement of the note are valid. The endorsement and assignment were made in the manner required by the Trust's PSA, as it was the intent of the parties to transfer the assignee's rights under the mortgage and the note to the Trust.

## II. Deutsche Bank has Standing to Bring this Action

The Defendants allege that Deutsche Bank does not have standing to bring this action.

The Note, because it is a negotiable instrument, is governed by the Uniform Commercial Code. A negotiable instrument is an unconditional promise to pay a fixed amount of money with or without interest to order on demand. 810 ILCS 5/3-104. Pursuant to the UCC, the holder of a negotiable instrument is entitled to enforce that instrument. 5/3-301. An entity becomes the holder through negotiation. 5/3-201. When the instrument is indorsed in blank, it is negotiated by transfer of possession alone. 5/3-205(b). Transfer is effectuated through "delivery by a person other than its issuer for the purpose of giving to the person receiving delivery the right to enforce

the instrument." 5/3-203(a). The Plaintiff is in possession of the original Note. The fact that the endorsement is not notarized is not relevant, nor is it a requirement under the PSA or by law.

The Defendants actually lack the standing to attack the validity of the assignment. This issue is addressed by Michigan and Illinois courts. "Borrower certainly has an interest in avoiding foreclosure. But the validity of the assignments does not affect *whether* Borrower owes its obligations, but only to *whom* Borrower is obligated. Although a debtor may assert certain defenses that render an assignment absolutely invalid (such as nonassignability of the right assigned), he generally may not assert any ground which may render the assignment voidable because the only interest or right which an obligor of a claim has in the instrument of assignment is to insure him or herself that he or she will not have to pay the same claim twice." 6A C.J.S. Assignments § 132. A debtor, for example, cannot raise alleged acts of fraud, or question the motive or purpose underlying an assignment. *Id.* "As long as no creditor of the assignor questions the validity of the assignment, a debtor of the assignment cannot do so." Blackford v. Westchester Fire Ins. Co., 101 F. 90 (8th Cir. 1900), see also Byczek v. Boelter Cos., 230 F.Supp.2d 843 (N.D.Ill 2002). In this situation, no other corporation or trust is alleging that it owns this mortgage. No other corporation is foreclosing on this property. Only Deutsche Bank has asserted this right. It is entitled to do so since it is holding both the note and the mortgage. Therefore, all issues raised by the defendant regarding the manner of the transfer of the loan documents are irrelevant and are presented to distract attention from the fact that the Defendants are in default and have not been making mortgage payments to anyone.

## Conclusion

The Defendants are alleging that the Plaintiff is not the holder of the Note and Mortgage. Not only is the Plaintiff the physical holder of the note and mortgage, the Plaintiff is the only one trying to enforce the note and mortgage. The endorsements on the Note and the assignments of Mortgage clearly indicate that it was the intent of the parties to transfer ownership of these interests to the Plaintiff. No other entity has attempted to foreclose on the Defendants' property. Finally, the Defendants have failed assert a defense which would explain why the Defendants should be able to maintain their property without making payment to anyone for over a year. The Defendants have failed to meet their burden to establish that the Plaintiff lacks standing to bring this action, and therefore, the Defendants' Motion to Dismiss for Lack of Standing should be denied.

Respectfully submitted,

By: /s/ James N. Pappas
James N. Pappas #6291873
Burke Costanza & Carberry LLP
Attorneys for Plaintiff
9191 Broadway
Merrillville, IN 46410
(219) 769-1313

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2011, a copy of the foregoing was electronically filed with the Clerk of the court using the CM/ECF system which sent notification of such filing to the following:

Theodore A. Woerthwein

/s/ James N. Pappas