UNITED STATES DISTRICT COURT
For the Northern District of Illinois
Eastern Division

| | |
|---|---|
| **DEUSTCHE BANK NATIONAL TRUST COMPANY as Trustee** ) ) ) **Plaintiff** ) ) v. ) ) **KRISTEN & HOWARD** ) **BODZIANOWSKI** ) ) **Defendant** ) | No. 01 Cv 1950 Honorable Rebecca Pallmeyer Magistrate Judge Cox |

**DEFENDANT'S REPLY IN SUPPORT OF THEIR
MOTION TO DISMISS FOR LACK OF STANDING**

Defendants Kristen Bodszianowski and Howard Bodzianowski by and through their attorneys Woerthwein & Miller reply in support of their motion to dismiss the foreclosure complaint brought by Deutsche Bank National Trust Company as Trustee pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of standing as follows:

1. Defendants brought their Motion to Dismiss attacking standing based on the premise that the Plaintiff could not be the assignee and owner of the Note and the Mortgage under the governing documents creating the Plaintiff Trust.

Plaintiff has not contested that it was created pursuant to the Purchase and Sale Agreement ("PSA"), available at http://www.secinfo.com/d14D5a.v66Nn.c.htm#1stPage) relevant portions of which were attached to Defendant's Motion. Plaintiff has argued: 1) the endorsement on the Note attached to the Complaint complies with the PSA; and 2) that Defendants lack standing to contest the validity of the assignment

1

THE BLANK ENDORSEMENT ON THE NOTE DOES NOT COMPLY WITH THE PSA

2.      Plaintiff even recites a portion of Section 2.01 of the PSA in its Response. Plaintiff emphasizes Section 2.01(i), which describes the language of the endorsement. Defendant, however, did not attack the language of the endorsement but who performed the endorsing.

Section 2.01, prior to the portion emphasized by Plaintiff's Response, provides the *Depositor Novastar Mortgage Funding Corporation* (emphasis added) "does hereby transfer, assign, set over, and otherwise convey in trust to the Trustee...all right, title and interest of the Depositor" in and to each identified Mortgage Loan. The endorsement described in Section 2.01(i) must be from the Depositor.

However, there is no endorsement from *Novastar Mortgage Funding Corporation* to the Trust or blank. Instead the undated, not notarized endorsement is directly from the original lender, *Novastar Mortgage, Inc.*, to the Trust.

As Defendants argued in their Motion, there are no provisions for direct deposit from the original lender to the trust. Plaintiff's Response does not point to any provisions in the PSA which provide for such a transfer. If the Note was not transferred to the Trust according to the Trust's terms, then the transfer never happened and the Trust cannot be the holder of the Note. A trust does not have free will. A trust cannot act contrary to its own governing documents. If the transfer did not take place according to the Trust's own terms, the transfer is void. NY CLS EPTL § 7-2.4; Wells Fargo Bank, N.A. v. Farmer, 2008 NY Slip Op 51133U, 6 (N.Y. Sup. Ct. 2008).

3.      Plaintiff argues that an assignment under Illinois common law requires no

particular language, just a manifestation of intent, citing <u>Community Bank v. Carter</u>, 283 Ill. App. 3d 505 (Ill. App. Ct. 1st Dist. 1996). Of course, in this case, the assignment is not governed by Illinois common law, but the law of New York (PSA, 12.05). Plaintiff then goes on to argue that mere possession is sufficient under the UCC to enforce the note.

    Both propositions would be true in a typical UCC transaction involving negotiable instruments where the holder needs simply to show up with possession of a note endorsed in blank. However, the UCC (§ 810 ILCS 5/1-302 in Illinois), permits parties to agree to a more exacting method of transferring the notes to the trust, and in this case the parties did so. The PSA in Section 2.01 sets forth a specific method of transferring this Note to this Trust that goes beyond what is required by the UCC or common law. Plaintiff failed to comply with those provisions.

    4.    Plaintiff makes no response to the argument that it also does not possess the mortgage. Here, the Mortgage is not assigned to the Trustee until five years after the closing date of the Trust. In creating a securitization trust, both the notes and mortgages need to be properly transferred to a trust that will pay for them by issuing securities to investors. The PSA is for a secured loan; the Trust cannot take the loans without their mortgages nor the mortgages without their loans. The trust gets the whole loan or nothing because it can only take the kind of property the PSA says it can, the way the PSA says it can. That was not done with either the Note or the Mortgage.

### DEFENDANTS HAVE STANDING TO RAISE THE ISSUE OF STANDING

    5.    Plaintiff argues that Defendants as alleged debtors lack standing to question the assignment of the debt. However, all of Plaintiff's cases and illustrations concern debtors who

were questioning assignments based on the assignments negative effect on third parties. In this case, Defendants have their own interest in enforcing standing. Breaches of the PSA are evidence that the loan was not transferred to the Trust. The PSA is being invoked because it is the document that purports to transfer the Note and Mortgage to the Trust. Adherence to the PSA determines whether there was a transfer effected or not because under New York (and Illinois) trust law, a transfer not in compliance with a trust's documents is void. If there isn't a valid transfer, there's no standing. This is simply a factual question--does the Trust own the loan or not? If not, then the Trust lacks standing to foreclosure.

      6.      Standing is important to the Defendants for at least three reasons:

      A.      First, when a Trust is the one seeking foreclosure, not the original lender, the holder-in-due course rule prevents the Defendants from asserting certain defenses to foreclosure and counterclaims based on wrongdoing at origination. This means Defendants can lose their homes even if their loans were procured through most types of fraud. The holder-in-due course rule also hamstrings Defendants' ability to pursue affirmative predatory lending claims against Trusts. Finally, TILA imposes limitations on the kind of claims that can be brought against most assignees. 15 U.S.C. § 1641(a). Jackson v. S. Holland Dodge, 197 Ill. 2d 39, 50; 755 N.E.2d 462 (Ill. 2001), for instance, held lack of assignee liability under TILA was a defense to an Illinois consumer fraud claim. The securitized trusts are not only set up to be bankruptcy remote, but to be remote from the retail fraud that was feeding mortgages into the securitization process.

      B.      Second, the Defendants have a real interest in dealing with the right plaintiff because different plaintiffs have different incentives and ability to settle. Trustees have very different incentives and ability to settle than banks that hold loans in portfolio. PSA terms,

liquidity, capital requirements, credit risk exposure, and compensation differ between services/trustees and portfolio lenders.

    C.    Defendants have the right to be litigating with the real party in interest. Defendants have a vested interest in determining that the one and only entity entitled to foreclose gets the property. Plaintiff is correct that it is the only one presently trying to collect. However, if the loan wasn't properly securitized, then the depositor or seller or their trustees in bankruptcy could claim the loan as its property. If the loans weren't properly transferred via the securitization, then they are still held in portfolio by someone. A future trustee could try to claw this loan back into the Bank's estate.

    Therefore Defendants have real legal interests at stake in litigating against the right party.

    7.    Plaintiff's cases are not on point. In In <u>Byczek v. Boelter Cos</u>., 230 F. Supp. 2d 843 (N.D. Ill. 2002), the defendant was arguing the assignment was invalid based on a conflict of interest between the assignee and the assignor's creditors. The Court ruled that only the creditors could make that argument. Similarly, in Plaintiff's older case of <u>Blackford v. Westchester F. Ins. Co.</u>, 101 F. 90 (8th Cir. Indian Terr. 1900), a debtor was arguing an assignment was invalid because it was voidable by creditors. As argued above, in this matter Defendants raise the standing argument in support of their own interests, not someone else's. Plaintiff's quotation from *Corpus Juris Secondum* is also premised upon what interest the debtor may have in questioning the assignment. In this case, the alleged debtors are arguing on behalf of their own interest.

    8.    Plaintiff mentions that it relies upon decisions from Michigan and Illinois. The Trust is governed by New York law and Plaintiff never mentions New York law. However, a

Michigan court applying New York trust law recently reached the same decision being urged by Defendants upon this court, and a copy of that decision is attached hereto as Exhibit 1.

WHEREFORE, the Court should dismiss this action with prejudice on the ground that the plaintiff, Deutsche Bank National Trust Company as Trustee as aforesaid, lacks standing to sue.

Respectfully submitted,

By: /s/Theodore A. Woerthwein
 One of the Attorneys for the Defendants


Theodore Woerthwein
Woerthwein & Miller
225 West Washington Street
  Suite 2200
Chicago, Illinois  60606
(312) 654-0001

**UNITED STATES DISTRICT COURT**
For the Northern District of Illinois
**Eastern Division**

| | | |
|---|---|---|
| **DEUSTCHE BANK NATIONAL TRUST COMPANY as Trustee** | ) ) ) | |
| **Plaintiff** | ) ) | |
| v. | ) ) | No. 1:11-cv-01950 |
| **KRISTEN & HOWARD BODZIANOWSKI** | ) ) ) | Honorable Rebecca Pallmeyer |
| Defendant | ) ) | Magistrate Judge Cox |

NOTICE OF FILING

TO: Counsel on the attached Certificate of Service

    PLEASE TAKE NOTICE that on this 4th day of October, 2011, the undersigned counsel filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, Defendants Kristen Bodszianowski and Howard Bodzianowski Motion to Dismiss, a copy of which is hereby served upon you.

Dated: October 4, 2011            Respectfully submitted,

                                                     By: /s/Theodore A. Woerthwein
                                                         One of the Attorneys for the Defendants

Theodore A. Woerthwein
Woerthwein & Miller
225 West Washington Street
  Suite 2200
Chicago, Illinois 60606
(312) 654-0001

## **CERTIFICATE OF SERVICE**

      I, Theodore A. Woerthwein, an attorney, certify that on October 4, 2011, I caused a copy of the foregoing Defendants Kristen Bodszianowski and Howard Bodzianowski Motion to Dismiss to be served upon the persons listed below by the specified method.

<u>By electronic transmission using the Court's electronic case filing system</u>:
James Nick Pappas    pappas@bcclegal.com


                                              /s/Theodore A. Woerthwein